THOMAS KEVIN KONICEK (SBN 110744)
MICHELLE V. ZYROMSKI (SBN 191606)
ZYROMSKI KONICEK LLP
Attorneys at Law
613 Fourth Street, Suite 203
Santa Rosa, California 95404
Telephone: (707) 542-1393
Facsimile: (707) 542-7697

Attorneys for Movant
VIDA NUEVA PARTNERS, LP

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF CALIFORNIA

In Re

ART DANIELS,

        Debtor.

CASE NO.: 18-10727 RLE 7
(Chapter 7)

**MOTION FOR ORDER CONFIRMING THAT NO AUTOMATIC STAY IS IN EFFECT**

Date: November 5, 2018
Time: 11:00 a.m.
Location: 99 South E St., Santa Rosa, CA
Judge: Honorable Roger L. Efremsky

Movant VIDA NUEVA PARTNERS, LP ("Movant") files this Motion for Order Confirming That No Automatic Stay Is In Effect ("the Motion") and shows as follows:

## I. RELIEF REQUESTED

Pursuant to 11 United States Code Section 362(b)(22), Movant hereby requests that the Court grant this Motion and order that the automatic stay does not apply to Movant's unlawful detainer action, captioned *Vida Nueva Partners, LP v. Art Daniels*, Sonoma County Superior Court Case No. MCV-246003, in which Movant obtained a Judgment for Possession of the residential premises on October 3, 2018. Debtor filed his Petition on October 4, 2018, the day <u>after</u> Movant's Judgment for Possession was entered in the Superior Court case. Under this exception to the automatic stay, Movant is free to take all actions available to Movant under applicable law to regain

-1-

possession of the residential real property located at 717 Rohnert Park Expressway, Rohnert Park, California 94928, Sonoma County ("the Premises").

## II.  STATEMENT OF FACTS

The subject Premises, located at Vida Nueva Apartments, is owned by Movant and managed by Burbank Housing Management Corporation, who is Sonoma County's largest non-profit housing provider. (Declaration of Michelle V. Zyromski, ¶ 2).  Movant filed its Unlawful Detainer Complaint against Debtor on August 23, 2018, after Debtor failed to comply with a 60-Day Notice to Terminate Tenancy served in June. (*Id.*).  Movant served the 60-Day Notice to Terminate Tenancy because Defendant repeatedly was late with his monthly rent payment, after being given warnings about the fact that these repeated late payments constituted a violation of his rental agreement and could not continue. (*Id.* ¶ 2, Exh. A).

In an attempt to delay the inevitable, Debtor first filed a Motion to Quash Service of Summons, which was heard on September 6, 2018 and denied by the Honorable Patrick Broderick sitting in Department 16 of the Sonoma County Superior Court. (Zyromski Decl., ¶ 3, Exh. B). Next, Debtor filed a Demurrer to the Complaint, which was heard on September 27 and denied by Judge Broderick. (*Id.*, Exh C).  In his Order Overruling the Demurrer, Judge Broderick ordered Defendant to file an Answer no later than Tuesday, October 2, 2018. (*Id.*).

Defendant failed to file his Answer by October 2.  Consequently, on October 3, Movant obtained a default Judgment for Possession of the Premises. (Zyromski Decl., ¶ 4, Exh. D).  A Writ of Possession was issued on October 3 and is with the Sheriff's Department for processing the lockout. (*Id.*).

Debtor filed a Chapter 7 skeleton Petition on October 4, 2018. On October 19, 2018, this case was dismissed by the bankruptcy court due to Debtor's failure to provide missing documents.

Debtor filed another Chapter 7 skeleton Petition on October 22, 2018.

## II. ARGUMENT

A.  **The Exception in 11 United States Code Section 362(b)(22) Applies Here**

Under Local Bankruptcy Rule 4001-1(a), a Movant can request an Order from this Court confirming that no stay is in effect.  Movant desires such an Order here, given that the lockout is

-2-

Case: 18-10727    Doc# 7    Filed: 10/22/18    Entered: 10/22/18 18:25:05    Page 2 of 4
MOTION FOR ORDER CONFIRMING THAT NO STAY IS IN EFFECT

pending.

Under 11 United States Code Section 362(b)(22), the filing of a Chapter 7 bankruptcy petition does not operate as a stay "of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor". Such is the exact situation here. Movant is the owner of the residential real property where Debtor resides. Movant obtained its Judgment for possession of the Premises the day before Debtor filed his petition. There is no stay in effect.

### III. CONCLUSION

Debtor's rental agreement for his apartment, in which he has no ownership interest, has terminated and Movant obtained a Judgment for Possession of the premises before Debtor filed his bankruptcy petition. Section 362(b)(22) applies here.

Debtor is simply trying to delay the inevitable. This Complaint was filed on August 23. Debtor stalled first by filing a meritless Motion to Quash, then a Demurrer, and now a bankruptcy petition.

Movant respectfully requests that the Court grant its Motion and order as follows:

1. Pursuant to 11 United States Code section 362(b)(22), no automatic stay is in effect. The Movant may take any and all acts available to Movant under applicable law to regain possession of the premises at 717 Rohnert Park Expressway, Rohnert Park, California 94928, Sonoma County, that is owned by Movant, under Movant's October 3, 2018 eviction Judgment for Possession obtained in the Sonoma County Superior Court unlawful detainer case captioned *Vida Nueva Partners, LP v. Art Daniels*, Sonoma County Superior Court Case No. MCV-246003.

2. In addition to possession of the premises, Movant VIDA NUEVA PARTNERS, LP is granted such other and further relief, at law or in equity, to which Movant may be justly entitled.

//
//
//

-3-
MOTION FOR ORDER CONFIRMING THAT NO AUTOMATIC STAY IS IN EFFECT
Case: 18-10727    Doc# 7    Filed: 10/22/18    Entered: 10/22/18 18:25:05    Page 3 of 4

Dated: October 22, 2018                         ZYROMSKI KONICEK LLP

                                        By: _____*Michelle V. Zyromski*_____
                                            MICHELLE V. ZYROMSKI
                                            Attorneys for Movant
                                            VIDA NUEVA PARTNERS, LP